**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CHARLES J. QUINN, JR.,**        )<br>                                                          )<br>                    **Plaintiff,**           )<br>                                                          )<br>**v.**                                                  )        Case No. 05-1373-JTM<br>                                                          )<br>**CITY OF BEL AIRE, KANSAS,** )<br>                                                          )<br>                    **Defendant.**        )<br>                                                          )<br>_____)  | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to compel plaintiff to sign a release authorizing the Secret Service to release "any and all" of plaintiff's employment records to defense counsel. (Doc. 27). Plaintiff opposes the motion and, for the reasons set forth below, defendant's motion shall be **DENIED.**

### Background

This is an employment dispute. Highly summarized, plaintiff alleges that he was a career Secret Service agent before his appointment to the office of Chief of Police for the City of Bel Aire in December 1999. In 2003 and early 2004, plaintiff learned that the City Administrator was engaged in inappropriate and/or illegal activity related to accessing (1) confidential police investigations and (2) criminal history records through the National Crime

Information Center computer. The Administrator also obtained keys to the Bel Aire Police Department's evidence lockers. Plaintiff warned the City Administrator that he was engaging in illegal and inappropriate conduct.

In 2004 an individual reported a potential theft of property in Bel Aire to the Sedgwick County District Attorney's office. The District Attorney asked plaintiff to investigate the matter and to obtain a statement from Bel Aire's City Attorney, Lee Parker. Parker did not provide a statement and, after further investigation, the District Attorney learned from plaintiff that the City Administrator had access to confidential police files, the NCIC, and police evidence lockers. The District Attorney immediately sent a letter to Police Chief Quinn ordering that such access be terminated. Plaintiff alleges that he was constructively discharged after the City learned of his communications with the District Attorney's office. Plaintiff also contends that his termination was a direct result of exercising his First Amendment rights to report illegal and improper activity to the Kansas Bureau of Investigation, the Kansas Highway Patrol, the Sedgwick County District Attorney's Office and the various Bel Aire officials.

## Motion to Compel

Defendant served plaintiff with the following Rule 34 request for the production of documents:

> Please complete and execute the attached authorization permitting defendant's attorneys to obtain your U.S. Secret Service employment file.

Plaintiff objects to the request and, as noted above, defendant seeks an order compelling plaintiff to sign the release. Although the parties digress into disputes over the relevance of plaintiff's employment records, the motion shall be summarily denied because the production request is defective on its face. Rule 34 provides for the discovery of documents or tangible things *which are in the possession, custody or control of the party upon which the request is served.* The employment records which defendant seeks are in the possession, custody and control of the Secret Service and the proper method for securing such records is the issuance of a records subpoena to the Secret Service. Because defendant is not seeking to compel *records* in *plaintiff's* possession or control, the motion shall be DENIED.[1]

Because this ruling is based upon a procedural error, the court will briefly address the parties' arguments concerning relevance. Defendant contends that plaintiff's employment records are relevant "in order to evaluate whether an after-acquired evidence defense may be available and to determine the full extent of [plaintiff's] employability." However, an "after-acquired evidence defense" is an affirmative defense which has not been asserted in defendant's answer. Moreover, such an assertion implies that the City of Bel Aire's

---

[1] No evidence has been offered that the Secret Service, after being properly served with a records subpoena, refuses to release the records. At best, defendant is seeking a shortcut which is not countenanced by Rule 34.

On previous occasions, this court has approved orders for the production of medical and employment records where the parties have submitted an agreed order. In this instance there is no agreement.

-3-

employment requirements exceed those of the Secret Service.[2]  Without prejudging any future motion to compel, defendant must explain this theory of relevance in greater detail.

Defendant also argues that the employment records are relevant to "demonstrate a tendency of plaintiff to refuse to accept policy decisions and instructions ...."  However, the discovery request appears to be seeking character evidence which is not admissible under Fed. R. Civ. P. 404.  Again, the court reserves judgment concerning this issue other than to note that defendant must explain its theory of relevance with greater clarity.

Finally, it is not clear how "all" employment records, encompassing over thirty years, are "relevant" or "reasonably calculated to lead to the discovery of admissible evidence" to the issues in this case.  The parties should confer concerning a reasonable scope of discovery before the refiling of any motion to compel.

**IT IS THEREFORE ORDERED** that defendant's motion to compel **(Doc. 27)** is **DENIED.**

Dated at Wichita, Kansas this 21st day of August 2006.

> S/ Karen M. Humphreys
> _____
> KAREN M. HUMPHREYS
> United States Magistrate Judge

---

[2] Although not entirely clear, defendant appears to suggest that plaintiff's employment history may show some evidence of misconduct which was acceptable for employment by the Secret Service but grounds for termination by the City of Bel Aire. The court is unwilling to accept such a theory without more explanation by defendant.